Dissenting Opinion by
President Judge Bowman:
The denial of maternity leave benefits by a school district to an unmarried female school teacher may or may not be violative of the equal protection clause of our Federal Constitution, or violative of Article I, Section 28, of our Pennsylvania Constitution. Such a policy may very well be the application of a moral or ethical standard no longer representative of the consensus as to unmarried pregnancy in itself or of its impact upon impressionable youth. But there are no constitutional issues before us in this case, and the Pennsylvania Human Relations Commission is not the guardian of an individual’s constitutional rights nor has it the right, power or authority to disparage such a policy anymore than it has the self-asserted right to impose moral standards by bureaucratic edict.[1] It is all too evident in this case, as *626 disclosed by its brief, that the Commission cavalierly rejects any such ethical standard and thus, have this Court judicially sanction its views on the subject.
What is before us, and on which issue I must disagree with the majority, is whether denying to unmarried female school teachers pregnancy leave benefits violates section 5 of the Pennsylvania Human Relations Act, which proscribes discrimination in employment “because of sex.” The majority recognizes that discrimination based upon marital status per se is not prohibited by section 5 and then simply concludes that the maternity leave policy in question “has the eifect of creating a condition precedent to the eligibility of an employee . . . which must only be met by female teachers.” Obviously, such is the result of the policy. It is equally obvious that males do not become pregnant. But males, just as females, are married or unmarried, and section 5 does not proscribe discrimination in employment because of marital status. What it does proscribe is discrimination in employment “because of . . . race, color, religious creed, ancestry, age, sex or national origin.” Many employment practices which might be characterized as discriminatory, such as refusing to hire otherwise qualified handicapped persons or those whose sexual predilections are disapproved by the employer, are not unlawful discriminatory practices under section 5 any more than is one directed towards a person’s marital status or dictating it to be a discriminatory practice “because of sex” to refuse employment to a male convicted of the crime of rape.
Although recognizing the desirable objectives and remedial purposes of the Act, I can find no room for “interpreting” this plain language and thereby incorporate marital status as a proscribed discriminatory practice. Nor can I find any logic in the view that because only women become pregnant, a pregnancy leave available to only married women is, ipso facto, sex discrimination.
The subject of maternity leave employment practices and their conditions as being within the parameters of *627 section 5 of the Act has developed not because only women become pregnant but because employment practices peculiar to that biological condition may not be accorded different treatment than that accorded to males suffering other physical disabilities, as such disabilities, pregnancy or otherwise, affect performance of their responsibilities in their field of employment. As I said, speaking for the Court in Freeport Area School District v. Pennsylvania Human Relations Commission, 18 Pa. Commonwealth Ct. 400, 408, 335 A.2d 873, 877 (1975), such practices as between male and female teachers “ ‘is sex discrimination pure and simple.’ ”
In my opinion, the majority has judicially created a new classification of a discriminatory employment practice not found in the Act, from which action I must dissent. To this extent, I would set aside the order of the Commission.
Judge Mencer joins in this dissent.

. During the course of this appeal and with this very issue in the process of judicial review, the Commission has seen fit to adopt a regulation on the subject of employment policies relating to pregnancy and prescribes that they are applicable without regard to the mother’s marital status. Volume 5, Pennsylvania Bulletin, page 1298.